IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN N. OMARI, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-1703-L-BK |
| | § | |
| MERRICK GARLAND, U.S. ATTORNEY, | § | |
| GENERAL, ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. *Defendants' Unopposed Motion to Remand Case and Stay All Deadlines*, Doc. 19, is now before for the Court for findings and a recommended disposition. As detailed here, this action should be **REMANDED** to U.S. Citizenship and Immigration Services ("USCIS") for a ruling on Plaintiff's Form N-400 Application for Naturalization (the "Application").

**I. BACKGROUND**

Plaintiff initiated this *pro se* mandamus action in August 2023, seeking to compel USCIS to take certain action on the Application, which he contends was approved a year ago. *See* Doc. 3 at 2-3, 14. In particular, Plaintiff requests that the Court "[c]ompel the Defendants and those acting under them to perform their duty to schedule an Oath Ceremony and swear Omari as a United States Citizen on the next Oath Ceremony, without further delay." Doc. 3 at 14. Alternatively, Plaintiff requests that the Court "remand this matter to USCIS to perform an Oath Ceremony on a decision on an approved N-400 that was previously erroneous[ly] denied by

USCIS alleging that Omari is not a Legal Permanent Resident ('LPR')." Doc. 3 at 2. On December 6, 2023, Defendants filed the present motion.

## II. ANALYSIS

Defendants represent that Plaintiff's Application has not been approved. Doc. 19 at 1 n.1. Nevertheless, Defendants request that the Court (1) remand this case to USCIS to allow the agency to issue a decision on the Application within 30 days of the remand order, and (2) stay all deadlines in this action—including Defendants' January 2, 2024 deadline to answer or otherwise respond to Plaintiff's complaint—pending the outcome of the USCIS adjudication process. Doc. 19 at 2. Defendants further represent that Plaintiff does not oppose the motion.[1] Doc. 19 at 3.

"If there is a failure to make a determination [on a naturalization application] before the end of the 120-day period after the date on which the examination is conducted . . . , the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b). Thereafter, the district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter." *Id.* Upon consideration of Defendants' motion and Plaintiff's lack of opposition to the requested relief, this matter should be remanded to allow USCIS to issue a decision on the Application within 30 days of the order accepting this recommendation.

---

[1] The undersigned has contemporaneously entered an order staying all applicable deadlines and administratively closing this case.

## III. CONCLUSION

For the foregoing reasons, *Defendants' Unopposed Motion to Remand Case and Stay All Deadlines*, Doc. 19, should be **GRANTED**, and this matter should be **REMANDED** to USCIS for further proceedings consistent with this recommendation. Additionally, the Clerk of the Court should be directed to administratively close this case, pending a subsequent motion by either party to reopen if further proceedings become necessary.

**SO RECOMMENDED** on December 29, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

3